1 1077, Fifth Circuit, 1978.

2           To support its contention that

3 Hoffman would not have been hired as a pilot, even

4 had the CTR been processed, United offered Hoffman's

5 own admission that he was not qualified to be a

6 pilot and that his application for that position had

7 been rejected by other major airlines.  In response,

8 Hoffman claims that he would have been hired through

9 the CTR process in spite of his lack of

10 qualification, but Hoffman offers no evidence at all

11 to support this assertion.  The only evidence before

12 the court is that Hoffman is not qualified to be a

13 pilot, and the only reasonable conclusion is that he

14 would not have been hired as a pilot even had the

15 CTR been processed.

16           Furthermore, summary judgment cannot

17 be denied on the basis that more discovery would be

18 appropriate.  Hoffman was given a full opportunity

19 to pursue discovery in the previous litigation,

20 making additional discovery here inappropriate.  If

21 he was unable to discover any evidence to put this

22 crucial fact at issue during the time when discovery

23 was open in the New York proceeding, it is very

24 unlikely he would be able to do so now, 15 years

25 after the events in question.  United's objection to

Page 6

1 this claim will therefore be sustained and the claim

2 disallowed in its entirety.

3        MR. SLADE:  Thank you, Judge.  Do you

4 need a separate order from us or are you just going

5 to -- okay.  We'll get that to Ms. William.

6        THE COURT:  Okay.  Mr. Hoffman, you'll

7 have a right to appeal that will begin running as

8 soon as the order is docketed, so you'll want to

9 check, if you do wish to pursue appeal, to find out

10 when that docketing takes place.  I believe you have

11 ten days thereafter to file a notice of appeal in

12 the district court.

13        MR. HOFFMAN:  Understood.  Your Honor,

14 can I ask a question or two?

15        THE COURT:  At this point I don't think

16 that would be necessary, but go ahead.

17        MR. HOFFMAN:  Would you permit me to make

18 a motion to reargue because the court may have

19 missed something in its ruling on --

20        THE COURT:  You have rights, Mr. Hoffman,

21 to seek my review under Bankruptcy Rule 9023 or

22 9024.  You might want to check those out.

23        MR. HOFFMAN:  Okay.  And I think, Your

24 Honor, you might have missed something in my papers

25 that --

1          THE COURT:  Well, that's what 9023 and

2 9024 are designed to address.

3          MR. HOFFMAN:  It seems, Your Honor, that

4 you read this from notes or something.  Is it

5 possible for me to get a copy of what you read?

6          THE COURT:  Yes.  You can talk with the

7 court reporter to get a transcript.

8          MR. HOFFMAN:  Would I be able -- that's a

9 little bit cumbersome.  Would it be possible to just

10 ask your courtroom deputy to provide me a copy of

11 what you read --

12          THE COURT:  No, that's not possible.  You

13 need to contact the court reporter.  The deputy

14 doesn't have access to the transcript.

15          MR. HOFFMAN:  And what you've read is not

16 available to --

17          THE COURT:  It is available through the

18 court reporter.

19          MR. HOFFMAN:  Okay.

20          THE COURT:  Okay.

21          MR. HOFFMAN:  All right.  Very well.

22          THE COURT:  Okay.

23          MR. HOFFMAN:  Thank you very much.

24          THE COURT:  Now, there are other matters

25 on the call today.

# EXHIBIT B

**Michael**
**Slade/Chicago/Kirkland-Ellis**
07/11/2007 04:16 PM

To  "Peter Hoffman" <peterhoffman@subtleinvestigations.com>

cc

bcc

Subject  Re: Order

Peter:  The order was entered some time ago.  I am not supposed to "serve" it on you.  You have to check the docket -- you can get it yourself from there.  Mike

"Peter Hoffman" <peterhoffman@subtleinvestigations.com>



**"Peter Hoffman"**
**<peterhoffman@subtleinvesti**
**gations.com>**
07/11/2007 04:03 PM

To  "'Michael Slade'" <mslade@kirkland.com>

cc

Subject  Order

Mike:

When do you expect serve the order on me?

Thanks,

Peter

```
                    09_11_07_Hearing re Hoffman Motion to Extend.txt
0001
 1              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                        EASTERN DIVISION
 3
 4    In re:                        )
                                    ) No. 02B48191
 5    UAL CORPORATION,              )
                                    ) Chicago, Illinois
 6                                  ) September 11, 2007
                    Debtor.         ) 10:00 a.m.
 7
 8           TRANSCRIPT OF PROCEEDINGS BEFORE THE
                  HONORABLE PAMELA S. HOLLIS
 9
10
      APPEARANCES:
11
      MR. MICHAEL SLADE,
12    On behalf of United;
13
14    ALSO PRESENT:
15    MR. PETER HOFFMAN,
      Pro Se.
16
17
18
19
20
21
22
23
24
25
0002
 1              THE CLERK:  Mr. Hoffman, can you hear?
 2              MR. HOFFMAN:  Yes, ma'am.
 3              THE CLERK:  UAL Corporation.
 4              MR. SLADE:  Good morning, Your Honor.
 5    Mike Slade on behalf of United.
 6              THE COURT:  Good morning.
 7                 And we have on the phone?
 8              MR. HOFFMAN:  Peter Hoffman, Your Honor.
 9              THE COURT:  Okay.  Good morning.
10              MR. HOFFMAN:  Good morning.
11              THE COURT:  Mr. Hoffman, I have reviewed
12    the reply filed by United.  I understand you
13    attempted to file something, but you were unable to
14    do so.  So I don't know if you want to state your
15    case at this point.
16              MR. HOFFMAN:  Your Honor, I certainly
17    would, but may I make a different suggestion?  Would
18    it be possible to adjourn this for a few days till
19    your Thursday session or the next available so that
20    you have an opportunity, or whichever judge sits --
21              THE COURT:  No.  You had plenty of time
22    to file your reply.  And, you know, I don't read
23    things that aren't filed, and so I'm not going to
24    adjourn it to another time.  The hearing was set for
25    today.
0003
 1              MR. HOFFMAN:  Your Honor, Judge Wedoff
 2    has handled my case and -- or maybe others as well
```

Page 1

09_11_07_Hearing re Hoffman Motion to Extend.txt
14            Judge Wedoff, unlike what he would
15  do with a lawyer, spent quite a bit of time
16  explaining to you about the appeal process and how
17  you had to be prepared and you had to move within an
18  "x" amount of time.  And you just kind of sat back
19  and, based on your own admissions of fact, you have
20  not stated a case of excusable neglect.
21            MR. HOFFMAN:  Your Honor, he said,
22  I believe, you have 10 days hereunder to file a
23  notice of appeal.  I had no clue that I had to check
24  the docket to learn of that.  I really thought I was
25  going to be served with that order.  It just seemed
0006
1  logical that the losing party would be served with
2  what the winning party --
3            THE COURT:  I cannot run the system of
4  justice based on what you think is logical or not.
5  It's run on rules, and you haven't stated a case of
6  excusable neglect.
7            MR. HOFFMAN:  Your Honor, also the
8  Pioneer case just seems so clear to me.  You know,
9  it talks about being clueless and making a mistake.
10  This is precisely what I've done.  How much more
11  precise can it be under that holding, if I'm using
12  the right word.  I mean, this was not deliberate.  I
13  did all I knew to do, and I was clearly mistaken.
14            THE COURT:  Well, actually you didn't do
15  anything.  You were warned you'd better act and you
16  didn't do anything.
17            It's my understanding that United
18  actually informed you that the order was docketed.
19  Is that correct?
20            MR. HOFFMAN:  Look at Exhibit B.
21            MR. SLADE:  Your Honor, that is true.
22  Mr. Hoffman and I communicated by e-mail.  I
23  informed him that he had to check the docket because
24  the order had been entered.
25            THE COURT:  All right.
0007
1            MR. HOFFMAN:  But, Your Honor, if you
2  look at Exhibit B, I did inquire of United when he
3  was going to serve me the order.  That's Exhibit B
4  in his opposition.  That's how this all started.
5  That's where -- and then as soon as he told me that,
6  I contacted the courtroom deputy who was nice enough
7  to transmit a copy to me right away.
8            Then I talked to everybody I could
9  to find out what I could do, and there was nothing I
10  could do to timely file it except to make this
11  motion.  There was nothing more I could do.
12            THE COURT:  Well, you had to make an
13  emergency motion within the time to file for an
14  appeal and ask for an extension which you did not
15  do.  In fact, you didn't bring this one until 20
16  days, I think, after.  So every step of the way you
17  have not been diligent.  I'm going to deny your
18  motion.
19            MR. HOFFMAN:  Your Honor, you're an
20  attorney and you're a judge.  This is simple for you
21  to do.
22            THE COURT:  I've ruled.
23            MR. HOFFMAN:  Do I --
24            THE COURT:  I've ruled.
                                    Page 3

```
                    09_11_07_Hearing re Hoffman Motion to Extend.txt
25               MR. SLADE:  Your Honor, would you like me
0008
 1   to fill out a minute order?
 2               THE COURT:  Yes.
 3               MR. SLADE:  Thank you.
 4               THE COURT:  The motion is denied.
 5                    Thank you, Mr. Hoffman.
 6                    (Which were all the proceedings
 7                    had in the above-entitled cause,
                     September 11, 2007.)
 8
 9   I, BARBARA A. CASEY, DO HEREBY CERTIFY THAT THE
     FOREGOING IS A TRUE AND ACCURATE TRANSCRIPT OF
10   PROCEEDINGS HAD IN THE ABOVE-ENTITLED CAUSE.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

A 158

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Honorable Judge Hollis

Hearing Date 9/11/07

Bankruptcy Case No. 02-B-48191

Adversary No.

Title of Case In re UAL Corp.

Brief Statement of Motion: Peter Hoffman's Motion for an Extension of the Time to Appeal (Docket No. 16823)

Names and Addresses of moving counsel

Representing

## ORDER

Motion denied for the reasons stated on the record.

Pamela S Hollis

6/11/99

A 159

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Chapter 11

In re:                                          Case No. 02B48191

*United Airlines, Inc.,*                         **AFFIDAVIT IN SUPPORT FOR**
                                                **RECONSIDERATION OF THE**
                                                **COURT'S SEPT 11TH, 2007**
                                                **RULING**

                    Debtor

                                                Hon E R. Wedoff
                                                Hearing on:    October 30th, 2007
                                                               10:00AM

| Creditor: | Case: | Claim#: | Claim Date: | Claim Total: |
|-----------|-------|---------|-------------|--------------|
| Peter Hoffman | 02-48210 | 345 | 2/6/03 | $2,250,680.00 |

State of New York
County of Bronx

PETER L. HOFFMAN, being duly sworn, deposes and says:

1.  I am a creditor in the above captioned proceeding.  I make this affidavit based on personal knowledge of the facts to which I can testify as a witness or where noted upon information and belief that I trust to be true from the circumstances.

2.  I am not an attorney.  I am pro se and respectfully request appropriate latitude be extended to me regarding standards to which licensed attorneys are held.

3.  The court did not have the opportunity to review my reply papers which are annexed hereto as Exhibit A and thereby did not have the opportunity to fully review my argument.

4.  The court is misconstruing my ignorance of the numerous procedural rules of this court with neglect, which is simply not the case, nor is it the standard to follow.

5.  A review of the presentation of this case herein, by your deponent, only confirms that I have not in the past, nor will I in the future, neglect this case.

6.  Your deponent has been fighting this case for over two years in the state court and now some six years in the federal courts.  I have always performed in a diligent manner.

A 160

2

7. The misfortune of missing a deadline [unknown to your deponent] should not be the manner in which nearly a decade of hard work and diligence is concluded.

8. Due process, which the rules are based upon, has not been followed, if your deponent is denied his right to a first level appeal.

9. The debtor should not be unfairly rewarded solely because your deponent was ignorant of a procedural rule and let some days elapse before proceeding and utilizing the code provided for in such a situation.

10. How many of us can say that they have never made an error with the court system having been established so that even the smallest litigant will get his or her day in court. Faced with a difficult case and an array of obstacles, your deponent should not have the courthouse door closed because I made a mistake.

11. Public policy abhors a default and favors a resolution on the merits.

12. People are human. We are born to make mistakes whereas the court is charged with the duty to make sure fairness occurs and the playing field is made level.

13. I offer this affidavit in support of my motion to reconsider the ruling handed down by the court on September 11th, 2007. I have included as Exhibit B copies of all pleadings as well as the transcript from the hearing on September 11th, 2007 except the reply papers for the motion which was decided on September 11th, 2007. I have done so in order to not repeat what is in those papers in these papers.

14. I respectfully suggest that the court misapprehended the facts as well as my state of mind and intent. The court stated (on the record on Sept 11th, 2007) that "you did not do anything". This is not correct and very far from the truth. As shown in Exhibit C of Mr. Slade's Opposition dated August 24th, 2007, I did take action. Indeed, I made inquiry of Mr. Slade as to when he would serve the order on me. It is only then that Mr. Slade informed me of the order having had been docketed. I then immediately took all the steps that I could to file the appeal on time (which was then not possible), learn what I could do and ultimately make the motion for leave to file late. Please see Exhibit B.

15. Looking at the facts and circumstances herein, clearly all I ask is for the court to overlook my error and grant me the opportunity to present my case to the appellate court with the 19 day delay compared to the near decade this case has progressed, been dismissed, with their being no prejudice to the debtor.

16. Further, due to my experience with how Judge Wedoff has handled the several motions made by United and then myself, I filed the clerk copy of my reply on the day of the hearing (docketed that day or later). I always served a courtesy copy of the pleading on the Court (Court Room Deputy) in advance. I did not know of this Courts' policy until the day before the hearing. At this point, I "First Overnighted" the reply to the court immediately. Unfortunately, it arrived too early. It arrived at 6:58AM (before the mail room could accept the documents. Please see Exhibit C. It then was redelivered at 10:05AM, just a few minutes after the hearing concluded. I made special arrangements

3

with Mr. Slade (and Mr. Slade was courteous enough to have agreed to have done so) to have an original copy available to provide to the Court. The Court ended the hearing before I had a chance to suggest that it was available. Further, I made direct contact with Mr. Mike Flowers to ensure that the papers would be docketed immediately upon arrival (FEDEX). I went to extraordinary measures to immediately comply with Judge Hollis's policy the moment that I learned of it. The reply arrived too late and was not considered. I include my reply now as <u>Exhibit A</u> for the Courts' consideration. As the Court was unable to consider it, I feel that the Court was unable to consider all the information that was available.

17. The court suggested that I make an emergency motion. Assuming that I knew how to do so, which I did not, there would not have been time to do so as my time to do so, within the ten days, had passed.

18. The Court has ruled that I have not shown a case of excusable neglect. If the court believes that I deliberately missed the ten day deadline, this ruling would be understandable. I do not believe that the Court believes that what I did was deliberate. If there is anything that all must agree on, it is that I have made a mistake (or perhaps many). It seems that the intent of the Congress and the US Supreme Court (the Pioneer case) is absolute and clear? It says that a "mistake" (as well as "inadvertence" or being "clueless") should be deemed excusable neglect.

19. I ask the court to strictly adopt the Pioneer* case and be a bit more forgiving and understanding before handing down its' decision.

*In the US Supreme Court opinion in Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, the Court held that 'excusable neglect" under Rule 9006(b)(1) is not limited to situations in which the delay in filing is caused by circumstances beyond the control of the party filing the proof of claim. The Court looked to the dictionary definition of "neglect" and reasoned that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or clueless, as well as by intervening circumstances beyond the party's control."

WHEREFORE, I respectfully request that this Court enter an Order:

    a.    Vacating the order handed down on September 11th, 2007;
    b.    Enlarging the Creditor's time to file a Notice of Appeal to 10 days from the date that this decision is docketed;
    c.    Permitting the matter to proceed to a settlement conference; and
    d.    Awarding to Creditor such other and further relief as this Court may deem just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 18th, 2007

**A 162**

4

Peter Hoffman
Creditor
42 Walnut Street
Upton, MA 01568
212-794-1000
Fax-794-1919

Sworn to before me on __18th__ day of September 2007.

Notary Public

A 163

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 02-B-48191 |
| UAL CORPORATION, et al., | ) | (Jointly Administered) |
| | ) | |
| Reorganized Debtors. | ) | Honorable Eugene R. Wedoff |
| | ) | Hearing Date: October 30, 2007 |
| | ) | Hearing Time: 10:00 a.m. |

**UNITED'S OPPOSITION TO PETER HOFFMAN'S MOTION FOR**
**RECONSIDERATION, AND UNITED'S REQUEST FOR SANCTIONS**
**[RELATED TO DOCKET NO. 16846]**

Peter Hoffman has filed a substantial number of documents with this Court,[1] despite the repeated rejection of his arguments; it is unclear when (or if) Hoffman will stop doing so. Hoffman's most recent filing — a motion for reconsideration (his second, as his first is on appeal) — is baseless. The Court should deny Hoffman's motion and sanction him for filing it; at a minimum, Hoffman should be warned that any future filings will result in sanctions.

\* \* \* \*

Hoffman's proof of claim against United was disallowed on July 2, 2007, after a hearing in which Hoffman participated. (Docket No. 16758; *see also* Exhibit B, 6/28/07 Tr., at 5-6) Hoffman did not file a timely notice of appeal from that order. Instead, thirty days after the order was entered — and twenty days after any notice would have been due — Hoffman filed a motion to extend the time to file a notice of appeal. Because he filed his motion on the 20th day after his time had expired, Hoffman needed to demonstrate "excusable neglect" for his untimeliness. Fed. R. Bankr. P. 8002(c)(2). On September 11, 2007, this Court ruled that Hoffman had not done so:

---

[1] *See, e.g.,* Docket Nos. 5277, 16557, 16683, 16723-24, 16730, 16747, 16772, 16820, 16846.

Judge Wedoff, unlike what he would do with a lawyer, spent quite a bit of time explaining to you about the appeal process and how you had to be prepared and you had to move within an "x" amount of time. And you just kind of sat back and, based on your own admissions of fact, you have not stated a case of excusable neglect . . ..

I cannot run the system of justice based on what you think is logical or not. It's run on rules, and you haven't stated a case of excusable neglect . . . . [E]very step of the way you have not been diligent. I'm going to deny your motion. . . .

(Ex. A, 9/11/07 Tr. at 2-3)

This Court's ruling was clearly correct as a matter of fact and law, and Hoffman does not seriously challenge the legal or factual underpinnings of the decision. Nevertheless, Hoffman now seeks reconsideration of the Court's decision, asking the Court to: (1) review a reply brief he tried (unsuccessfully) to file the day before the September 11, 2007 hearing; and (2) reconsider the same factual reasons (and additional ones) that his notice of appeal was untimely, and classify them as "excusable neglect." Hoffman's plea is frivolous, for two reasons.

*First*, Hoffman's motion for reconsideration simply rehashes his arguments on "excusable neglect" that the Court already rejected. It is well settled that "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nat'l de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1270 (7th Cir. 1996); *see also Oto v. Met. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (motion for reconsideration which "merely took umbrage with the court's ruling and rehashed old arguments" inappropriate). To the extent Mr. Hoffman provides "new" factual allegations, all of them were known to Hoffman at the prior hearing, but were either rejected or not raised by Hoffman at that time; none can be raised now. *See In re Farley, Inc.*, 211 B.R. 889 (Bankr. N.D. Ill. 1997) ("Previously discoverable and available evidence may not be admitted or considered in the context of a motion for reconsideration.") (citing *King v.*

2

A 165

*Cooke*, 26 F.3d 720 (7th Cir. 1994)).  In essence, Hoffman acts as if he gets two chances on every motion; that if his arguments are rejected, he can always try again on a motion for reconsideration.  That is wrong.  Because Hoffman identifies nothing — no item of fact or law — that he was unable to present prior to or at the last hearing, his motion should be denied for that reason alone.

   ***Second***, the Court's original ruling was clearly correct.  Hoffman again concedes that he failed to file a notice of appeal within 10 days of docket entry because he did not check the docket to learn when the order was entered, in reliance on a New York rule that required the order to be 'served' upon him.  But in this Court, litigants (even pro se litigants) have an independent duty to monitor the docket, and their failure to do so does not constitute "excusable neglect" for missing deadlines.  *In re American Metrocomm Corp.*, 328 B.R. 92, 93 (D. Del. 2005) ("[A] party's failure to receive notice of the entry of an order does not amount to excusable neglect, because a party has an independent duty to keep informed of the progress in his or her case."); *In re Warrick*, 278 B.R. 182, 187 (9th Cir. BAP 2002) ("It is well-settled that failure to receive notice of entry of judgment or order is not an excuse for an untimely appeal because it is the party's affirmative duty to monitor the dockets.") (citations omitted).

   The fact that Hoffman proceeds *pro se* is irrelevant.  As this Court specifically recognized in denying Hoffman's motion for an extension of time, ***Judge Wedoff specifically told Hoffman that he needed to check the docket*** because he would have to file a notice of appeal within 10 days of docket entry.  *See* Ex. A, 9/11/07 Tr. at 2-3, Ex. B, 6/28/07 Tr., at 6 ("Mr. Hoffman, you'll have a right to appeal that will begin running as soon as the order is docketed, ***so you'll want to check, if you do wish to pursue appeal, to find out when that docketing takes place.  I believe you have ten days thereafter to file a notice of appeal in the***

3

**A 166**

***district court.***) (emphasis added).  Hoffman does not contend that he did not know how to check the docket, nor did he ever ask anyone how to do so.  Given that Hoffman ignored the Court's explicit instructions, his neglect is certainly not "excusable" as defined by the bankruptcy rules.

Mr. Hoffman's similarly argues, yet again, that his neglect was "excusable" because he didn't know the rules applicable to his appeal.  *See* Hoffman Mtn. ¶ 9 ("The debtor should not be unfairly rewarded because I was ignorant of a procedural rule and let some days elapse before proceeding . . ..").  But the Seventh Circuit has specifically held that a lack of knowledge of the applicable rules, or a misunderstanding about which rules apply, is not a basis for finding "excusable" neglect.  *See, e.g., Prizevoits v. Indiana Bell. Tel. Co.*, 76 F.3d 132, 133 (7th Cir. 1996) ("The excusable neglect standard ***can never be met*** by a showing of inability or refusal to read and comprehend the plain language of the federal rules.") (emphasis added).  Hoffman's assertion that *Prizevoits* concerned "excusable neglect" under Federal Rule of Appellate Procedure 4(a)(5) rather than Bankruptcy Rule 8002(c)(2) (Mtn. ¶ 14) is entirely irrelevant because the term "excusable neglect" is the same in both rules — and (as the Seventh Circuit has made clear) the meaning of the term must be coterminous throughout the federal system.  *See id.* at 134 ("the term [excusable neglect] bears the same or similar meaning throughout the federal procedural domain").  Besides which, the Seventh Circuit has also applied this well-settled principle of law to Bankruptcy Rule 8002(c)(2) itself — Hoffman cannot avoid it.  *In re Wigoda*, 11 Fed. Appx. 624, 625-26 (7th Cir. 2001) (unpublished opinion) (under Rule 8002(c)(2), "the excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules") (Exhibit C).

At bottom, the only thing "new" about his latest filing is Hoffman shamelessly attempting to shift the blame for his delinquency to two Bankruptcy Court clerks and the courtroom deputy.

*See* Hoffman Mtn. at ¶¶ 5-6. These hardworking public servants deserve better, and their kindhearted attempts to help Hoffman had nothing whatsoever to do with his untimeliness. To the contrary: Hoffman concedes that the individuals he spoke to told him to "make an emergency motion" prior to the deadline (Mtn. ¶ 7), but he did not listen. Instead, Hoffman let the deadline pass, and then ***waited an additional twenty days*** before taking action on his notice of appeal. Hoffman provides no explanation for why — if he was acting diligently as required by the rules — he let this period of time elapse before trying to preserve his rights. There is no basis for finding his conduct "excusable" as defined by Rule 8002(c)(2).

In sum, Hoffman's motion for reconsideration has no legal or factual basis whatsoever. But Hoffman simply refuses to take "no" for an answer, and has continually deluged this Court (and United) with motion practice, requiring United to respond to his baseless attacks. *See* Docket Nos. 5277, 16557, 16683, 16723-24, 16730, 16747, 16772, 16820. It is time for Hoffman's quest in this Court to end, and that he can pursue the appeal he has already filed — from the denial of his earlier motion for reconsideration.[2] Given that Hoffman's motion is merely a rehash of arguments that this Court already rejected (with a few insignificant additions that could have been raised the last time), Hoffman should be sanctioned; there was no basis whatsoever for his filing, and it forced United to draft this terse response. *See Matter of Volpert*, 110 F.3d 494, 500 (7th Cir. 1997) (affirming sanctions on litigant that vexatiously multiplied the proceedings); *Matter of Memorial Estates, Inc.*, 950 F.2d 1364, 1369 (7th Cir. 1991) (same). Hoffman should pay United's costs and attorney's fees in responding to his motion.

---

[2] Hoffman's motion for reconsideration of the Court's Order disallowing his proof of claim was denied on July 31, 2008. Docket No. 16817. Hoffman did file a timely appeal from the order denying his motion for reconsideration. *See* Docket Nos. 16831-32. The parties have submitted their record entries, and the appeal has been submitted to the District Court.

5

Even if the Court is not inclined to award sanctions quite yet, it is time for Hoffman's shenanigans to cease. This case is over, and Hoffman lost. The Court should deny Hoffman's motion and award United its attorney's fees spent responding to it; but at a bare minimum the Court should make clear that any future filings in this Court by Hoffman will result in sanctions.

Dated: Chicago, Illinois     Respectfully submitted,
   October 22, 2007


            / s / Michael B. Slade
            Marc Kieselstein (ARDC No. 6199255)
            David R. Seligman (ARDC No. 6238064)
            Michael B. Slade (ARDC No. 6274231)
            KIRKLAND & ELLIS LLP
            200 East Randolph Drive
            Chicago, Illinois 60601


            Counsel for the Reorganized Debtors

6

A 169

# EXHIBIT A

09_11_07_Hearing re Hoffman Motion to Extend.txt

```
0001
 1               IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION
 3
 4    In re:                      )
                                  ) No. 02B48191
 5    UAL CORPORATION,            )
                                  ) Chicago, Illinois
 6                                ) September 11, 2007
                      Debtor.     ) 10:00 a.m.
 7
 8           TRANSCRIPT OF PROCEEDINGS BEFORE THE
                 HONORABLE PAMELA S. HOLLIS
 9
10
      APPEARANCES:
11
      MR. MICHAEL SLADE,
12    On behalf of United;
13
14    ALSO PRESENT:
15    MR. PETER HOFFMAN,
      Pro Se.
16
17
18
19
20
21
22
23
24
25
0002
 1               THE CLERK:  Mr. Hoffman, can you hear?
 2               MR. HOFFMAN:  Yes, ma'am.
 3               THE CLERK:  UAL Corporation.
 4               MR. SLADE:  Good morning, Your Honor.
 5    Mike Slade on behalf of United.
 6               THE COURT:  Good morning.
 7                   And we have on the phone?
 8               MR. HOFFMAN:  Peter Hoffman, Your Honor.
 9               THE COURT:  Okay.  Good morning.
10               MR. HOFFMAN:  Good morning.
11               THE COURT:  Mr. Hoffman, I have reviewed
12    the reply filed by United.  I understand you
13    attempted to file something, but you were unable to
14    do so.  So I don't know if you want to state your
15    case at this point.
16               MR. HOFFMAN:  Your Honor, I certainly
17    would, but may I make a different suggestion?  Would
18    it be possible to adjourn this for a few days till
19    your Thursday session or the next available so that
20    you have an opportunity, or whichever judge sits --
21               THE COURT:  No.  You had plenty of time
22    to file your reply.  And, you know, I don't read
23    things that aren't filed, and so I'm not going to
24    adjourn it to another time.  The hearing was set for
25    today.
0003
 1               MR. HOFFMAN:  Your Honor, Judge Wedoff
 2    has handled my case and -- or maybe others as well
```

Page 1

09_11_07_Hearing re Hoffman Motion to Extend.txt

3  differently. I was following the way that Judge
4  Wedoff handled it. You know, your rules are a bit
5  different.
6          THE COURT: My rules are that I don't
7  read things that aren't filed with the court. I
8  think most judges operate that way.
9          MR. HOFFMAN: Would you reconsider? Is
10 there any --
11         THE COURT: No. Would you like to state
12 your case or not?
13         MR. HOFFMAN: Surely, Your Honor. There
14 are -- I relied on New York State rules, which is
15 CPLR 5513, which talks about written notice of entry
16 and I know I mentioned in my moving affidavit. And
17 it is the only way I know that decisions or -- and I
18 guess were served is that they're only served on --
19 the only way I know is if they were served on the
20 losing party. And I relied on that despite what
21 Mr. Slade says in his affirmation that judge -- that
22 I should check the docket. I didn't know to check
23 it sooner, and I thought that I would be served, the
24 losing party would be served with a notice of entry.
25 I learned obviously that that's not the case.
0004
1          It's what is done in New York and --
2  5513. So that's one thing I make mention, and I put
3  a cite in there, which is Mizra versus Justin
4  Hacking.
5          THE COURT: What does the cite hold, that
6  you can pick any rule from any state and use it as
7  an excuse not to comply with the rules in this
8  court?
9          MR. HOFFMAN: No, Your Honor.
10         THE COURT: What does the case hold then?
11         MR. HOFFMAN: That the losing party is
12 always placed on notice -- actual notice of same
13 with the time of the appeal starting --
14         THE COURT: Well, you were placed on
15 notice. Not only were you placed on notice that you
16 lost, Judge Wedoff cautioned you on the record to be
17 very careful, that you had a limited time in which
18 to appeal.
19         MR. HOFFMAN: Right. Yes, clearly. And,
20 you know, at a point which I thought was just
21 logical, I made inquiry as to the status of the
22 order. I mean, I did so at day nine -- day nine I
23 believe it was. And I didn't even know that it was
24 day nine at that point. I just felt some days
25 passed, including a weekend, and made inquiry. I
0005
1  wasn't just crossing my fingers and hoping that, you
2  know, this would happen. I did make inquiry of
3  Mr. Slade or -- yeah, Mr. Slade told me he would
4  give me Exhibit B. I e-mailed that the order had
5  been docketed. And I immediately took action as
6  soon as I learned of that. I had no clue that I was
7  supposed to inquire of the docket whether it be --
8          THE COURT: How do you respond to the
9  case law that says you're required, that you have
10 the affirmative duty to inquire of the docket? That
11 was cited by UAL. Why should I disregard that? I
12 mean, there's some leeway given in pro ses. We
13 explain, and you've gotten that.

Page 2

A 172

09_11_07_Hearing re Hoffman Motion to Extend.txt

```
14          Judge Wedoff, unlike what he would
15  do with a lawyer, spent quite a bit of time
16  explaining to you about the appeal process and how
17  you had to be prepared and you had to move within an
18  "x" amount of time.  And you just kind of sat back
19  and, based on your own admissions of fact, you have
20  not stated a case of excusable neglect.
21          MR. HOFFMAN:  Your Honor, he said,
22  I believe, you have 10 days hereunder to file a
23  notice of appeal.  I had no clue that I had to check
24  the docket to learn of that.  I really thought I was
25  going to be served with that order.  It just seemed
0006
1   logical that the losing party would be served with
2   what the winning party --
3           THE COURT:  I cannot run the system of
4   justice based on what you think is logical or not.
5   It's run on rules, and you haven't stated a case of
6   excusable neglect.
7           MR. HOFFMAN:  Your Honor, also the
8   Pioneer case just seems so clear to me.  You know,
9   it talks about being clueless and making a mistake.
10  This is precisely what I've done.  How much more
11  precise can it be under that holding, if I'm using
12  the right word.  I mean, this was not deliberate.  I
13  did all I knew to do, and I was clearly mistaken.
14          THE COURT:  Well, actually you didn't do
15  anything.  You were warned you'd better act and you
16  didn't do anything.
17          It's my understanding that United
18  actually informed you that the order was docketed.
19  Is that correct?
20          MR. HOFFMAN:  Look at Exhibit B.
21          MR. SLADE:  Your Honor, that is true.
22  Mr. Hoffman and I communicated by e-mail.  I
23  informed him that he had to check the docket because
24  the order had been entered.
25          THE COURT:  All right.
0007
1           MR. HOFFMAN:  But, Your Honor, if you
2   look at Exhibit B, I did inquire of United when he
3   was going to serve me the order.  That's Exhibit B
4   in his opposition.  That's how this all started.
5   That's where -- and then as soon as he told me that,
6   I contacted the courtroom deputy who was nice enough
7   to transmit a copy to me right away.
8           Then I talked to everybody I could
9   to find out what I could do, and there was nothing I
10  could do to timely file it except to make this
11  motion.  There was nothing more I could do.
12          THE COURT:  Well, you had to make an
13  emergency motion within the time to file for an
14  appeal and ask for an extension which you did not
15  do.  In fact, you didn't bring this one until 20
16  days, I think, after.  So every step of the way you
17  have not been diligent.  I'm going to deny your
18  motion.
19          MR. HOFFMAN:  Your Honor, you're an
20  attorney and you're a judge.  This is simple for you
21  to do.
22          THE COURT:  I've ruled.
23          MR. HOFFMAN:  Do I --
24          THE COURT:  I've ruled.
```

Page 3

```
                    09_11_07_Hearing re Hoffman Motion to Extend.txt
25                  MR. SLADE:  Your Honor, would you like me
0008
1    to fill out a minute order?
2                   THE COURT:  Yes.
3                   MR. SLADE:  Thank you.
4                   THE COURT:  The motion is denied.
5                       Thank you, Mr. Hoffman.
6                           (Which were all the proceedings
                            had in the above-entitled cause,
7                           September 11, 2007.)
8
9    I, BARBARA A. CASEY, DO HEREBY CERTIFY THAT THE
     FOREGOING IS A TRUE AND ACCURATE TRANSCRIPT OF
10   PROCEEDINGS HAD IN THE ABOVE-ENTITLED CAUSE.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

# EXHIBIT B

Page 1

        IN THE UNITED STATES BANKRUPTCY COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                  EASTERN DIVISION


In re:                        )
                              ) No. 02 B 48191
UAL CORP., et al.,            )
                              ) Chicago, Illinois
                              ) June 28, 2007
               Debtor.        ) 10:00 a.m.


        TRANSCRIPT OF PROCEEDINGS BEFORE THE
             HONORABLE EUGENE R. WEDOFF


APPEARANCES:

MR. MIKE SLADE
on behalf of United;

MS. ELLEN YEARWOOD
on behalf of Leon Ramsey.


ALSO PRESENT:

MR. PETER HOFFMAN (TELEPHONICALLY).

Page 2

1           THE CLERK:  UAL Corporation, 02 B 48191.

2           THE COURT:  Okay.  Let's take up

3 Mr. Hoffman's matter first.

4               Would you state your appearance,

5 Mr. Hoffman.

6           MR. HOFFMAN:  Peter Hoffman, Your Honor.

7           THE COURT:  Okay.

8           MR. SLADE:  Your Honor, Mike Slade for

9 United.

10          THE COURT:  Okay.  I have a ruling to

11 read into the record.  This matter is before the

12 court, claim number 345 of Peter Hoffman, on

13 United's objection.  Mr. Hoffman's claim is based on

14 damages arising from an alleged failure by United to

15 process his Competitive Transfer Review, or CTR, to

16 become a pilot in violation of an alleged oral

17 contract.  Hoffman alleges that, had the CTR been

18 processed, United would have hired him as a pilot.

19 Hoffman brought this claim in New York state court

20 in 1999 and United removed it to federal district

21 court.  The parties completed discovery, as

22 reflected in the case's docket report and two orders

23 of the magistrate judge presiding over the case.

24 United moved for summary judgment.  However, before

25 judgment could be rendered, United filed for

1 bankruptcy and Hoffman filed his claim as a creditor

2 of the estate.  United objects to the claim on two

3 grounds.  First, United argues that New York's

4 statute of limitations bars this claim.  Second,

5 United argues that Hoffman's claim fails on its

6 merits.

7            At an earlier hearing, this court

8 rejected United's statute of limitations argument

9 and instructed the parties to address the merits.

10 United filed a motion for reconsideration of its

11 statute of limitations defense and both parties

12 submitted arguments regarding the merits.  Both

13 motions are now ready for ruling.

14            United's motion for reconsideration

15 will be denied.  As discussed on the record on

16 May 17, 2007, United had a reasonable amount of time

17 to complete the alleged oral contract, and the

18 statute of limitations did not begin running until

19 after that reasonable time period ended.  Again, as

20 previously discussed, the length of that reasonable

21 period is a question of fact under New York law.

22            On the merits, however, United's

23 objection will be sustained and the claim will be

24 disallowed.  By objecting to the claim under Section

25 502(b) of the Bankruptcy Code, Title 11 U.S.C.,

Page 4

1  United instituted a contested matter is adjudicated

2  in accordance with Rule 9014 of the Federal Rules of

3  Bankruptcy Procedure.  Rule 9014(c) applies to

4  contested matters the provisions of Bankruptcy Rule

5  7056, which, in turn, incorporates Rule 56 of the

6  Federal Rules of Civil Procedure.  Summary judgment

7  is thus available in the claims adjudication

8  process.

9            Accordingly, the legal standard to

10 be applied is whether there is any genuine issue as

11 to any material fact such that this matter should be

12 set for trial.  In order to prevail, Hoffman must

13 establish that he would have been hired as a pilot

14 had the CTR been processed.  This is a material

15 fact.  See Fishman versus Teter, 133 F.2d 222,

16 Seventh Circuit, 1943, defining a material fact as

17 one that a party must establish in order to prevail.

18            A genuine issue as to this material

19 fact would exist if there were sufficient evidence

20 favoring Hoffman for a jury to return a verdict in

21 his favor.  Anderson versus Liberty Lobby, Inc., 477

22 U.S. 242, 1986.  Because Hoffman has offered no

23 evidence to support this fact, summary judgment is

24 appropriate.  Save Our Cemeteries, Inc. versus

25 Archdiocese of New Orleans, Inc., 548 F.2d 1074,

1 1077, Fifth Circuit, 1978.

2              To support its contention that

3 Hoffman would not have been hired as a pilot, even

4 had the CTR been processed, United offered Hoffman's

5 own admission that he was not qualified to be a

6 pilot and that his application for that position had

7 been rejected by other major airlines.  In response,

8 Hoffman claims that he would have been hired through

9 the CTR process in spite of his lack of

10 qualification, but Hoffman offers no evidence at all

11 to support this assertion.  The only evidence before

12 the court is that Hoffman is not qualified to be a

13 pilot, and the only reasonable conclusion is that he

14 would not have been hired as a pilot even had the

15 CTR been processed.

16              Furthermore, summary judgment cannot

17 be denied on the basis that more discovery would be

18 appropriate.  Hoffman was given a full opportunity

19 to pursue discovery in the previous litigation,

20 making additional discovery here inappropriate.  If

21 he was unable to discover any evidence to put this

22 crucial fact at issue during the time when discovery

23 was open in the New York proceeding, it is very

24 unlikely he would be able to do so now, 15 years

25 after the events in question.  United's objection to

Page 6

1 this claim will therefore be sustained and the claim

2 disallowed in its entirety.

3          MR. SLADE:  Thank you, Judge.  Do you

4 need a separate order from us or are you just going

5 to -- okay.  We'll get that to Ms. William.

6          THE COURT:  Okay.  Mr. Hoffman, you'll

7 have a right to appeal that will begin running as

8 soon as the order is docketed, so you'll want to

9 check, if you do wish to pursue appeal, to find out

10 when that docketing takes place.  I believe you have

11 ten days thereafter to file a notice of appeal in

12 the district court.

13          MR. HOFFMAN:  Understood.  Your Honor,

14 can I ask a question or two?

15          THE COURT:  At this point I don't think

16 that would be necessary, but go ahead.

17          MR. HOFFMAN:  Would you permit me to make

18 a motion to reargue because the court may have

19 missed something in its ruling on --

20          THE COURT:  You have rights, Mr. Hoffman,

21 to seek my review under Bankruptcy Rule 9023 or

22 9024.  You might want to check those out.

23          MR. HOFFMAN:  Okay.  And I think, Your

24 Honor, you might have missed something in my papers

25 that --

Page 7

1            THE COURT:  Well, that's what 9023 and

2 9024 are designed to address.

3            MR. HOFFMAN:  It seems, Your Honor, that

4 you read this from notes or something.  Is it

5 possible for me to get a copy of what you read?

6            THE COURT:  Yes.  You can talk with the

7 court reporter to get a transcript.

8            MR. HOFFMAN:  Would I be able -- that's a

9 little bit cumbersome.  Would it be possible to just

10 ask your courtroom deputy to provide me a copy of

11 what you read --

12            THE COURT:  No, that's not possible.  You

13 need to contact the court reporter.  The deputy

14 doesn't have access to the transcript.

15            MR. HOFFMAN:  And what you've read is not

16 available to --

17            THE COURT:  It is available through the

18 court reporter.

19            MR. HOFFMAN:  Okay.

20            THE COURT:  Okay.

21            MR. HOFFMAN:  All right.  Very well.

22            THE COURT:  Okay.

23            MR. HOFFMAN:  Thank you very much.

24            THE COURT:  Now, there are other matters

25 on the call today.

110607ual.txt

```
0001
 1              IN THE UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF ILLINOIS
 2                        EASTERN DIVISION
 3
     In the Matter of:          )  No. 02 B 48191
 4                              )
     UAL CORPORATION,           )  November 6, 2007
 5                              )  10:13 a.m.
              Debtor.           )  Chicago, Illinois
 6
                      TRANSCRIPT OF PROCEEDINGS
 7            BEFORE THE HONORABLE EUGENE R. WEDOFF
 8
     APPEARANCES:
 9
     MR. MIKE SLADE
10   on behalf of the debtor;
11   MR. PETER HOFFMAN (telephonically)
     pro se.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
0002
 1          THE CLERK:  UAL Corporation, 02 B 48191.
 2          THE COURT:  Okay.  Mr. Hoffmann, why don't you
 3   give us your appearance again.
 4          MR. HOFFMAN:  It's Peter Hoffman.  Good morning.
 5          THE COURT:  Okay.
 6              Mr. Hoffman, I have read your motion for
 7   reconsideration as well as United's response.  In order
 8   for United to be entitled to an award of sanctions
 9   against you, my belief is that United would have had to
10:13AM 10     file a separate motion seeking sanctions as opposed to
11   simply requesting that in the context of a brief in
12   opposition to your motion.  So I'm not going to award
13   United sanctions today.
14              However, had they brought a separate motion
15   and given you an opportunity pursuant to Rule 11 to
16   withdraw this motion and you had declined to do so, I
17   think there may very well may have been grounds for an
18   award of sanctions.
19              The fact of the matter is that the ruling
10:14AM 20     that I made a long time ago I believe is correct.
21   There was not a timely appeal.  There has been no
22   showing on your part of any excusable neglect.  Judge
23   Hollis properly ruled on that question when your
24   original motion was brought.
25              And at this point the merits of your
0003
 1   position, although I continue to believe my ruling is
 2   correct on the merits, the merits of your position are
                            Page 1
```

110607ual.txt

```
 3   not the issue.  The issue is whether there was
 4   excusable neglect in failing to file a timely notice of
 5   appeal.  And there has been no showing of excusable
 6   neglect.  On that basis then, this motion will be
 7   denied.
 8               And I do want to tell you that if you were
 9   to bring another motion of this sort, you certainly
10:15AM 10       would be subject to sanctions.
11         MR. HOFFMAN:  Your Honor, I understand.
12               Could I just have one minute of your time to
13   explain why I believe it's excusable neglect?  Would
14   you give me the opportunity.
15         THE COURT:  That's the sort of thing that you
16   needed to put in your motion.  But if you want to take
17   one minute, I will give you one minute right now.
18         MR. HOFFMAN:  Thank you very much.  I did.
19               You -- as I'm sure you saw in the papers, I
10:15AM 20       did check.  The -- cases are very clear on what the
21   tests are.
22               I made a mistake in not checking the docket
23   pursuant to your instructions, which was clear enough.
24   I didn't know I needed to check the docket sooner than
25   I did.  And if I had known to do so, I would have.
0004
 1               If I was intentionally neglectful, if you
 2   will, I would have done it never or later.  But I did
 3   it within -- well, nine days after it was docketed,
 4   although I didn't know that, so it was a total of
 5   12 days.
 6               I didn't know.  I thought that I would get
 7   notice of entry.  Okay, that's my fault.  But I didn't
 8   do any of this intentionally.
 9               I don't think this could fit more squarely
10:16AM 10       under the excusable neglect definition.  Nothing I did
11   was intentional.  Everything I did here was a mistake,
12   which is precisely what the Seventh Circuit and the
13   Pioneer case talks about -- excuse me, the Kmart case.
14               And, you know, I can't say this fast enough
15   or well enough (inaudible).  I made a good faith
16   mistake.  I don't know how much more squarely you could
17   fit into the Pioneer case and the whole 20-day rule.  I
18   don't know if I said that correctly.  But there is
19   nothing else.
10:16AM 20                          If you still disagree with my position,
21   would you explain to me just so I can understand why
22   you disagree that I did make a mistake and why it
23   doesn't fit the Pioneer case, please.
24         THE COURT:  Okay.  Mr. Hoffman, the question is
25   not whether you acted intentionally or negligently.
0005
 1   The whole question is whether your negligence is
 2   excusable or not.
 3               Given that you had an express warning from
 4   me that you needed to check the docket to find out when
 5   the order was entered and that you had 10 days from the
 6   date the order was entered to file a Notice of Appeal,
 7   my finding, like Judge Hollis', would be that that is
 8   not excusable.  You simply ignored the advice that you
 9   were given on the record by the Court.  There is no
10:17AM 10       excuse for that.
11               I acknowledge you didn't do it deliberately.
12   But the question is not whether it was deliberatively
13   done to thwart judicial proceedings, the question is
```

Page 2

110607ual.txt
14  whether the negligence was excusable or not.  And under
15  the circumstances, as Judge Hollis, I find it is not.
16       MR. HOFFMAN:  But, your Honor, doesn't --
17       THE COURT:  Mr. Hoffman, you've had your minute.
18  We've got a crowded courtroom here and this is going to
19  terminate the proceeding for today.
10:18AM 20       MR. SLADE:  Your Honor, with respect to the
21  sanctions, I understand and I will talk to my client to
22  see if they want to file a separate motion.
23       I just wanted your Honor to know that I did
24  have many communications with Mr. Hoffman and gave him
25  the opportunity to withdraw this motion twice, once
0006
 1  before we appeared in front of Judge Schmetterer last
 2  week and then again in-between the time that we
 3  appeared before Judge Schmetterer and today.
 4       THE COURT:  Okay.  Mr. Slade, if you want to file
 5  a 9011 motion, it would require a separate motion.
 6  There's not a separate motion here.  There's nothing
 7  for me to rule on as far as a request for sanctions.
 8  My advice would be to let this dog lie.
 9       If you want to incur additional expenses in
10:18AM 10       pursuing the matter, you have a right to do it.  But it
11  would not be my advice to do so.
12       MR. SLADE:  I hear that, Judge.  Thank you.
13       MR. HOFFMAN:  And, your Honor, I have no
14  intentions of making a further motion to reconsider or
15  something along those lines.  I understand that this
16  disposition is over and I've gotten your message as
17  well.
18       I'm just very sorry that you don't believe
19  that the intent -- you do believe that the intent is
10:19AM 20       what guides here.  It's not what guides -- it's not a
21  mistake that guides.  And, you know, I thank you for
22  your time.
23       THE COURT:  Okay.
24            (Which were all the proceedings had
25            in the above-entitled cause,
0007
 1            November 6, 2007.)
 2
 3  I, CAROL RABER, C.S.R., DO HEREBY CERTIFY
 4  THE FOREGOING IS A TRUE AND ACCURATE
 5  TRANSCRIPT OF PROCEEDINGS HAD IN THE
 6  ABOVE-ENTITLED CAUSE.
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

Page 3

A 185

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Chapter 11

In re:                                          Case No. 02B48191

*United Airlines, Inc.,*                         **NOTICE OF APPEAL**

                    Debtor                       Hon E R. Wedoff

| Creditor: | Case: | Claim#: | Claim Date: | Claim Total: |
|-----------|-------|---------|-------------|--------------|
| Peter Hoffman | 02-48210 | 345 | 2/6/03 | $2,250,000.00 |

Pursuant to Bankruptcy Rule 8002(a) Notice is hereby given that Peter Hoffman
(Creditor/Claimant) hereby appeals to the District Court from the Bankruptcy Court's July 31st,
2007 ruling on the Creditor's Motion for Reconsideration to Disallow the Claim of Peter
Hoffman, Claim 345 [Related to Docket 16538] Re: Meritorious Claim. Judgment was entered
in this action on the 2nd day of August, 2007.

Dated: August 7, 2007

                                                Peter Hoffman
                                                Creditor
                                                42 Walnut Street
                                                Upton, MA 01568
                                                212-794-1000
                                                Fax-794-1919

Sworn to before me on 7th day of August 2007.

Notary Public

SANDRA BADILLO
NOTARY PUBLIC, N.Y. STATE
NO. 01BA6058427
QUALIFIED IN BRONX COUNTY
COMM EXPIRES MARCH 28, 2011

A 186

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Honorable   Eugene R. Wedoff

Bankruptcy Case No.   02-B-48191

Title of Case   In re UAL Corporation

Hearing Date   7/31/07

Adversary No.

Brief Statement of Motion   Motion of Peter Hoffman to Vacate Order (Docket No. 16772)

Names and Addresses of moving counsel   Peter Hoffman

Representing

## ORDER

The motion is denied for the reasons stated in open court.

*Eugene R. Wedoff*

cc: Peter Hoffman, 42 Walnut Street, Upton, MA 01568

A 187

16817

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| | Chapter 11 |
| In re: | Case No. 02B48191 |
| *United Airlines, Inc.,* | **NOTICE OF APPEAL** |
| Debtor | Hon E R. Wedoff |

| Creditor: | Case: | Claim#: | Claim Date: | Claim Total: |
|-----------|-------|---------|-------------|--------------|
| Peter Hoffman | 02-48210 | 345 | 2/6/03 | $2,250,000.00 |

Pursuant to Bankruptcy Rule 8002(a) Notice is hereby given that Peter Hoffman (Creditor/Claimant) hereby appeals to the District Court from the Bankruptcy Court's November 6, 2007 ruling on the Creditor's Motion for Reconsideration of the Court's Ruling on the Creditor's Motion to File Appeal Late (Docket No. 16889) and the Court's Ruling on the Creditor's Motion to File Appeal Late on September 11, 2007 (Docket No. 16846).

Dated: Upton, MA
    December 18, 2007

Yours,

Peter Hoffman
Creditor
42 Walnut Street
Upton, MA 01568
212-794-1000
Fax-794-1919

F I L E D
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

DEC 1 9 2007

KENNETH Q. GARDNER, CLERK
PS REP. - RD