MHW

# PETER HOFFMAN

42 Walnut Street • Upton, MA 01568 • 212-794-1000 (Voice) • 212-794-1919 (Fax)
peter@subtleinvestigations.com

Aug 14th, 2008

United States District Court
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street, Floor 20
Chicago, IL 60604

**FILED**

AUG 1 5 2008
8 - 15 - 2008
JUDGE JOHN W. DARRAH
UNITED STATES DISTRICT COURT

Attn: Ms. Melanie Foster

Via: FedEx

Re:  USBC No.:    02-B-48191
     USDC No.:    07-CV-05612 and 08-CV-000594
     Debtor:      UAL Corporation
     Creditor:    Peter Hoffman
     Re:          Hoffman v. United

Dear Ms. Foster:

Per the order of the Court, enclosed please find the below referenced for filing.

Respectfully submitted,

Peter Hoffman
Pro Se

EC: Attorney Michael Slade

Enc: Amended Reply Brief (dated Aug 12th, 2008)

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

**FILED**

AUG 1 5 2008

JUDGE JOHN W. DARRAH
UNITED STATES DISTRICT COURT

Peter Hoffman  
Appellant  

V.

United Airlines  
Appellee  

No.: 07 CV 05612

No.: 08 CV 000594

Judge Darrah

**AMENDED (Aug 2008) REPLY BRIEF OF APPELLANT - PETER HOFFMAN**

## TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . 2

Introduction . . . . . . . . . . . . . . . . . . . . . . . . 3

Reply re: Statement of Case and Facts . . . . . . . . . . . 4

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . 8

I.   THE COURT ERRED IN DECIDING THAT MY FAILURE TO
FILE THE APPEAL TIMELY WAS NOT EXCUSABLE NEGLECT . . . . 8

II.  UNITED HAS MISCONSTRUED MY ARGUMENTS REGARDING
MY QUALIFICATIONS TO BE A PILOT. . . . . . . . . . . . . 11

III. THE COURT HAS ALREADY RULED THAT MY CASE WAS NOT
TIME BARRED . . . . . . . . . . . . . . . . . . . . . . 13

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . 14

TABLE OF AUTHORITIES

**Case**

Pioneer Investment Service Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) . . . . .  . . . . . . . . . . . . . .  . . . . . . 8 & 9

Hrobowski v. Worthington Steel Co, 358 F.3d 473 (7th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . 13

In re Kmart, 381 F.3d 709 (7th Cir. 2004) . . . . . . . . . 9

**Court Rules**

Bankruptcy Rule 8002 . . . . . . . . . . . . . . . . . . . 10

Bankruptcy Rule 9006 . . . . . . . . . . . . . . . . . . . 8

# INTRODUCTION

In response to United's brief on this case, I respectfully note that United has briefed and argued many points that were neither appealed by me or have already been decided. I have listed the issues in two groups.

## SUBJECT OF THIS CONSOLIDATED APPEAL
(Directly from my brief and reply brief)

1. Whether cause exists to reconsider the dismissal of Hoffman's claim under Bankruptcy Rule 9024.

2. Whether the court erred in finding that Hoffman showed no evidence of a contract between himself and United Airlines as well as whether Hoffman was qualified to be hired as a pilot by United.

3. Whether the court erred in not allowing Hoffman to conduct further discovery.

4. Whether the Court abused its discretion in denying Hoffman leave to file a late appeal.

## NOT THE SUBJECT OF THIS APPEAL
(Argued throughout "Consolidated" Brief of United)

5. Whether Hoffman's lawsuit and Proof of Claim were time-barred.

**REPLY RE: STATEMENT OF CASE AND FACTS**

I dispute the following items listed by United (please see United's 'Roman Numerals' depicting points starting at their page 2 of their Brief (opposition).

I.  **Hoffman's Employment with United**

I object to the characterization of my employment with United. First, my job, in part, *required* that I brief (<u>literally</u>) the pilots regarding necessary information for flight operations including weather, weight and balance, passenger and freight data. This means that I was (and supposed to be) engaged in conversations with Pilots while I was employed and in my role as a Station Operations Representative. This was not the reason that I resigned from United, rather, it was obvious that I was not there to remain in the position for which I was being paid and I was told that I would obtain a waiver of the time requirement and the actively employed requirement enabling me to transfer to the pilot corps. One must ask: were this not to be true (that the relevant waivers were not to be provided), why would United (my Supervisor -Robert Cafero with the authority to do so) complete, approve and file a

4

transfer request (CTR) (provided as an exhibit in the underlying case and again here as exhibit B)?

## II. Hoffman's Competitive Transfer Request

The characterization of the information contained in this section fails to mention that I <u>was</u> eligible (let alone promised) for a waiver of the requirements (which United conveniently fails to mention in its argument).

## III. Hoffman's New York Lawsuit

I object to United presenting information shown in this section that I was unqualified to be a pilot. In fact, on the same page (page 80) of the deposition transcript that United cites, <u>I later state</u> that, despite my perceived lack of qualifications to become a pilot as an outsider, I would have qualified as an insider by being hired at United (the very and only reason that I took this job). Please see exhibit B of my Brief in Support.

## IV. Hoffman's Proof of Claim

I object to the statement presented by United that "Hoffman did not do anything in the ten day period after the order was docketed." I believed that I would receive affirmative notice (e.g. email, USPS or overnight mail) from United of

5

the docketing in time for me to file a Notice of Appeal. In fact, a few days prior to the ten day deadline, after not hearing from either the Court or Mr. Slade, I emailed Mr. Slade as to when I would receive a notice that the decision was docketed. After receiving a reply email from Mr. Slade (see exhibit A of this brief), I immediately called the Courtroom Deputy, who kindly responded, on day 10, by faxing me a copy of the order. By then, I was not able to file a timely Notice of Appeal. I believe this to be a clear case of excusable neglect, as described in my argument below. Please note that since this issue cropped up, I now receive all notices via overnight mail AND email.

V.  **Hoffman's Motion for Reconsideration**

While I do not necessarily disagree with the facts presented by United, I do object to the its' misleading spin. The central issue is that Judge Wedoff failed to appropriately consider all the factors under Rule 60; discussed below.

VI. **Hoffman's Motion for Leave to File an Untimely Appeal**

Again, I do not object to the information as presented by United. However, one subject of this brief is that Judge

6

Wedoff failed to appropriately consider all the factors under Rule 60; discussed below.

VII. **Hoffman's Two Appeals to this Court**

Per the order of the Court, I am filing this revised reply brief addressing both appeals.

## ARGUMENT

I. **THE COURT ERRED IN DECIDING THAT MY FAILURE TO FILE THE APPEAL TIMELY WAS NOT EXCUSABLE NEGLECT.**

The underlying court has not fully considered my argument that my failure to timely file the original notice of appeal under Rule 9006 was excusable neglect. The court failed to consider any of the factors of excusable neglect as described by the Supreme Court in <u>Pioneer Investment Service Co. v. Brunswick Assoc. Ltd. Partnership</u> when deciding that there was no excusable neglect in my failure to timely file a notice of appeal.

In <u>Pioneer Investment Service Co. v. Brunswick Assoc. Ltd. Partnership</u>, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court considered what would be "excusable neglect" under Rule 9006. The Court stated that "[t]he word [neglect] therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness…[b]y empowering the courts to accept late filings 'where the failure to act was the result of excusable neglect,' Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by

8

intervening circumstances beyond the party's control. See Id.

When deciding whether there was excusable neglect in failure to adhere to a deadline under Rule 9006, the court evaluated the failure to file timely with several factors, which were including but not limited to the following:

> "(1) whether granting the delay will prejudice the debtor; (2) the length of the delay and its impact on efficient court administration; (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform; (4) whether the creditor acted in good faith and (5) whether clients should be penalized for their counsel's mistake or neglect." [Internal citations omitted]. See Id.

The Seventh Circuit adopted the Pioneer factors in In re Kmart, 381 F.3d 709, and stated that this Circuit would adopt the use of the Pioneer factors when deciding on what was "excusable neglect." See id. In the Kmart case, however, the court decided that 81 days was too long of a delay to be excusable neglect.

In this case, the Court did not even consider the Pioneer factors at all when coming to its decision to deny my motion to extend time to file my appeal late. In fact, the reasoning why my motion was denied was never actually put on the record. As such, the court abused its discretion when denying my motion to file my appeal late.

9

In fact, if the court did consider the <u>Pioneer</u> factors, the factors weigh in my favor. The delay of approximately ten days did not prejudice United in any way, as the bankruptcy process is not complete and the court is still hearing objections to claims. The delay was short, and in fact, my appeal was filed well within the twenty-day limit established by Rule 8002(c)(F)(2). As the court was and is still hearing objections to the claims against United, the court's administration of this case is not hampered by granting me leave to file a notice of appeal.

As for whether the delay was in my reasonable control, had I understood the notice process (does not exist) as well as the necessity to check the docket, I certainly would have checked and would have filed my appeal timely. In fact, I called the court to inquire, and emailed Mr. Slade to inquire about the docketing (see exhibit A), but was then too late to timely file the appeal.

Furthermore, United is incorrect in its assertion on page 16 of its brief that I simply failed to check the docket and "has *never* checked the docket". I had inquired about the docketing of the order, via email to Mr. Slade, and later to the court, but I did not receive notice of the docketing until the tenth day after the order was docketed. Since this "notice incident," I now, seemingly

coincidentally, appear to be on every email and overnight list in this case. Somehow United and/or Poorman Douglas (administrators for the Court and United) failed to copy me on the receipt of the subject order.

United, in its argument, also cites cases regarding Rule 60 that are not applicable to the situation here. First, the parties in these matters cited by United were not pro se. Furthermore, the cases involve issues where there may have been intentional flaunting of the rules of procedure, which has not happened here.

Thus, the Court did abuse its discretion by not considering my argument that my failure to file timely my notice of appeal was simple excusable neglect.

II. **UNITED HAS MISCONSTRUED MY ARGUMENTS REGARDING MY QUALIFICATIONS TO BE A PILOT**

United has mischaracterized my statements at deposition as stating that I knew I was unqualified to be a pilot at United. In fact, United has a policy of hiring insiders (employees) with far lesser qualifications than I had to work as Pilots. Clearly this pursuit has been stymied. My effort to obtain support to prove this has been withheld (notably <u>never</u> supplied by United). I was told by Edward Mathot, Flight Director at United (highest level Pilot at United and Senior Management), prior to and

11

during my tenure at United, that I should secure another job (such as the one I held) at United and then I would qualify for transfer into the Pilot Corps. [Hoffman deposition, page 80] (see exhibit B of main brief). Mr. Cafero also told me that there is consideration given to United employees in that regard. That said, United refused(es) to provide policies or other information regarding transfers or hiring standards during the entire pendency of all of these court proceedings.

Moreover, if one looks further at my deposition testimony, it is clear that <u>United has misconstrued my testimony</u>. United cites page 80 of my deposition and states that I admitted I did not have sufficient experience to become a member of the United Pilot corps. However, the next several lines of my answer, which were (clearly intentionally) omitted by United in its' brief (and were then adopted by Judge Wedoff) indicate that I was told by Edward Mathot, Flight Director at United, that I should secure another job at United and then qualify for employee transfer into the Pilot Corps. [Hoffman deposition, page 80] (see exhibit B of main brief).

So, despite United's assertions that I "under oath" admitted that I did not have the qualifications to be a pilot at United, I believe that my testimony, in whole,

12

refutes that argument (as do many of my arguments in the Bankruptcy Court pleadings).

### III. THE COURT HAS ALREADY RULED THAT MY CASE WAS NOT TIME BARRED

United has failed to mention in its argument that the Court already ruled that my case was not time-barred. United originally made this argument in its first motion (and motion to re-argue; denied as well) to dismiss my claim. Judge Wedoff ruled that this argument has no merit and stated as such during arguments on June 28, 2007 (A86). United did not appeal that decision and lost its' Motion to Reconsider this decision. As such, it is my understanding that United cannot, now, reargue this point here. See Hrobowski v. Worthington Steel Co, 358 F.3d 473 (7th Cir. 2004).

13

# A

(email dated July 11, 2007)

## Peter Hoffman

| | |
|---|---|
| From: | Michael Slade [mslade@kirkland.com] |
| Sent: | Wednesday, July 11, 2007 5:16 PM |
| To: | Peter Hoffman |
| Subject: | Re: Order |

Peter: The order was entered some time ago. I am not supposed to "serve" it on you. You have to check the docket -- you can get it yourself from there. Mike

| | | |
|---|---|---|
| "Peter Hoffman" <peterhoffman@subtleinvestigations.com> | "'Michael Slade'" <mslade@kirkland.com> | To |
| | | cc |
| | | Subject |
| 07/11/2007 04:03 PM | Order | |

Mike:

When do you expect serve the order on me?

Thanks,

Peter

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.5.476 / Virus Database: 269.10.2/894 - Release Date: 7/10/2007 5:44 PM

1

# B

(CTR dated Jan 7, 1993)

16


UNITED

## COMPETITIVE TRANSFER REQUEST
See Regulations 15-4 & 18-8

AFTER COMPLETION ROUTE ENTIRE FORM
to EXOES


EXHIBIT
Dk-2C
3/27/00

An Equal Opportunity Employer

### EXOES USE ONLY

### EMPLOYEE DATA

| Last Name | Initials | File Number | Co. Seniority Date | Present Job Code | Present Co. Add. Code |
|---|---|---|---|---|---|
| HOFFMAN, P. L. | | 131817 | 6/15/92 | 3 5 3 7 | J F K 0 0 |

Present Work Status: [XX] Regular Part-Time

### POSITION DATA

JOB TITLE DESIRED: **FLIGHT OFFICER** — 19018

### COMPLETE ONLY ONE:
Location: **M V L**

WORK STATUS DESIRED: [XX] Regular Full-Time

### ACCOMMODATION

PLEASE READ AND SIGN

Signature: *Petty L. Hoffman*  Date: 12/18/92

### SUPERVISOR/MANAGER

- From your knowledge of the employee and a review of the employee file, can the employee fully meet the demands of the job requested? [✓] Yes  [ ] No
- Is the employee's current job performance acceptable? [✓] Yes  [ ] No

FOR CURRENT NON-UNION EMPLOYEES:
- Attach Employee Resume (UPE 1818A)
- Attach a copy of employee's most recent Performance Evaluation (UPE 1609) and indicate any modifications.

FOR CURRENT UNION EMPLOYEES:
- Attach Employee Resume (UPE 1818A)
- Comment below on employee's current job performance.

COMMENTS:
EMPLOYEE WAS STATIONS OPERATIONS REP AT JFK00. HE RESIGNED FOR PERSONAL REASONS.

EMPLOYEE ABSENCES DURING LAST 12 MONTHS DUE TO ILLNESS, INJURY, OR UNAUTHORIZED WOP: 6 MO.S → Occurrences Absent: 0  Days Lost: 0  Times Late: 0

Manager/Supervisor's Name: R. M. CAFIERO  Phone Extension: 632-1820  Date: 1/7/93

UPE 1818B REV 2/88

1. EXOES
2. SUPERVISOR/EMPLOYEE

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

Peter Hoffman
Appellant

No.: 07 CV 05612

V.

No.: 08 CV 000594

United Airlines
Appellee

Judge Darrah

## CERTIFICATE OF SERVICE

I, Peter Hoffman, certify that on the August 14, 2008, I caused to be served by email (as shown below) the attached true and correct copy of the foregoing Amended Reply Brief Dated August 12th, 2008 on the party listed below:

Dated: Upton, MA
August 14th, 2008

Peter Hoffman
42 Walnut Street
Upton, MA 01568
212-794-1000

To: Kirkland & Ellis LLP
200 East Randolph Drive, Suite 6500
Chicago, Illinois 60601
Attn: Mike Slade (mslade@kirkland.com)