

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PETER HOFFMAN, | ) | |
| Appellant, | ) | |
| | ) | No. 07 C 5612 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| UAL CORPORATION, | ) | |
| Appellee. | ) | |
| | | |
| PETER HOFFMAN, | ) | |
| Appellant, | ) | |
| | ) | No. 08 C 594 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| UNITED AIR LINES, INC, | ) | |
| Appellee. | ) | |

## MEMORANDUM OPINION AND ORDER

Appellant, Peter Hoffman, appeals two judgments of the bankruptcy court in favor of Appellees UAL Corporation and United Air Lines, Inc. (collectively "United"). Hoffman asserts that the bankruptcy court erred by (1) denying Hoffman's motion for reconsideration of the order denying Hoffman's proof of claim and (2) denying Hoffman's motion for leave to file an untimely appeal.

## BACKGROUND

Hoffman worked as a Stations Operations Representative ("SOR") for United from June 15, 1992 until January 2, 1993. The SOR position was subject to a six-month probationary period. On December 18, 1992, Hoffman's supervisor, Robert Cafiero, informed Hoffman that his probationary period had been unsuccessful and asked Hoffman to resign instead of being fired. Hoffman submitted his written resignation to United on December 18, 1992.

The day of his resignation, Hoffman gave Cafiero a Competitive Transfer Request ("CTR") for a pilot position. Under United's CTR policy, an employee who had completed at least one year of service could request a transfer to another job within the company. On January 7, 1993, Cafiero passed along Hoffman's CTR to flight operations for their informal review of Hoffman's qualifications. Hoffman was not offered an interview, and no further action on Hoffman's CTR was taken. A month or two after leaving United, Hoffman called Cafiero to check on the status of his CTR. Hoffman also wrote to Cafiero, claiming that Cafiero had promised to forward the CTR and urged him to do so.

On August 6, 1999, Hoffman filed a complaint in a New York state court, claiming that United had breached a contract by failing to consider him for the position of Flight Officer in exchange for his resignation. Hoffman claimed that had United considered him for the Flight Officer position, he would have been hired. United removed the case to the U.S. District Court for the Southern District of New York. Hoffman's lawsuit was stayed and ultimately dismissed when United entered bankruptcy.

Hoffman cited his New York lawsuit for the basis of a Proof of Claim he filed in United's bankruptcy. United objected to Hoffman's Proof of Claim on January 30, 2007. On June 28, 2007, the bankruptcy court sustained United's objection and disallowed Hoffman's claim. The bankruptcy court reasoned that Hoffman could not establish that he would have been hired as a pilot had his CTR been processed. The court considered Hoffman's admission during his deposition that he was not qualified to be a pilot and Hoffman's failure to produce any evidence that he would have been hired despite his lack of qualification.

Hoffman appeared telephonically for the June 28, 2007 hearing, at which the bankruptcy court announced its decision. After announcing that the claim would be disallowed, the court discussed with Hoffman his right to appeal as follows:

> THE COURT: Okay. Mr. Hoffman, you'll have a right to appeal that will begin running as soon as the order is docketed, so you'll want to check, if you do wish to pursue an appeal, to find out when that docketing takes place. I believe you have ten days thereafter to file a notice of appeal in the district court.
>
> MR. HOFFMAN: Understood.

The court went on to explain to Hoffman how he could move to reconsider the court's decision and how to obtain a transcript of the proceedings. Hoffman did not file a notice of appeal within the ten-day period after the order was docketed.

On July 19, 2007, Hoffman filed a motion for reconsideration of the order disallowing his Proof of Claim. The bankruptcy court denied Hoffman's motion on July 31, 2007. Hoffman filed a timely appeal of the order denying his motion for reconsideration, which was docketed in this Court as case No. 07-5612.

On August 1, 2007, Hoffman filed a motion for leave to file an untimely appeal from the June 28, 2007 Order disallowing his claim. That motion and another motion for reconsideration of the issue were denied by the bankruptcy court, rejecting Hoffman's claims of excusable neglect in failing to file a timely appeal. Hoffman appealed the order denying him leave to file an untimely appeal. That case was docketed in this Court as case No. 08-594.

## LEGAL STANDARD

The bankruptcy court's decision on a motion for reconsideration is reviewed for abuse of discretion. *Spirk v. Sullivan*, 2003 WL 22048077 at *7 (N.D. Ill. 2003) (*Spirk*) (citing *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 730 (7th Cir. 1999)). "Such abuse exists only in situations in which no reasonable person could agree with the [lower] court." *Spirk*, 2003 WL 22048077 at *7 (citing *Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir.2001)). The bankruptcy court's ruling rejecting Hoffman's assertion of excusable neglect is also reviewed for abuse of discretion. *See In re KMart Corp.*, 381 F.3d 709, 712 (7th Cir. 2004).

## ANALYSIS

Hoffman filed his motion for reconsideration on July 19, 2007, over ten days after the bankruptcy court disallowed his claim. Thus, Hoffman missed the ten-day deadline for a motion under Bankruptcy Rule 9023 or Rule 59 of the Federal Rules of Civil Procedure. Hoffman's motion for reconsideration must, therefore, be construed as a motion under Bankruptcy Rule 9024 or Rule 60(b) of the Federal Rules.

In his motion, Hoffman stated that he had "made many errors in his previous presentation" but now hoped that he had "both corrected these errors and omissions as well as painted a far clearer picture" of why Hoffman believed that United would have hired him as a pilot had the CTR been processed. The bankruptcy court denied Hoffman's motion, stating that Hoffman had provided no new evidence that was not available prior to judgment and merely argued that the court had made the wrong decision.

It is clear that the bankruptcy court did not abuse its discretion in denying Hoffman's motion for reconsideration. Hoffman's motion did not present any new evidence and, thus, did not satisfy Rule 60(b)(2)'s requirement of presenting newly discovered evidence not reasonably discoverable before the Rule 59(b) ten-day deadline. Hoffman argues on appeal that the bankruptcy court did not address other reasons justifying relief under Rule 60(b), such as excusable neglect. However, Hoffman has not demonstrated that he raised this or other grounds in his motion. Therefore, the bankruptcy court was correct to deny Hoffman's motion for reconsideration.

Turning to Hoffman's second appeal, Hoffman argued before the bankruptcy court that he should be permitted to file an untimely appeal of the June 28, 2007 Order disallowing his claim due to excusable neglect. Hoffman asserted that he missed the July 12, 2007 deadline for filing a notice of appeal because he was expecting the June 28, 2007 Order to be "served" on him. Hoffman's argument was rejected first by Judge Hollis and then by Judge Wedoff on Hoffman's motions for reconsideration. Both noted Judge Wedoff's explicit instructions to Hoffman on June 28, 2007 (cited above) that he would need to check the docket to see when the order was

docketed. Given those explicit instructions, Hoffman's neglect in failing to file a timely notice of appeal is not excusable. The bankruptcy court, therefore, did not abuse its discretion in denying Hoffman's motion to file an untimely appeal.

## CONCLUSION

For the reasons stated above, the bankruptcy court's orders denying Hoffman's motion for reconsideration and motion for leave to file an untimely appeal are affirmed.

Dated: September 11, 2008

JOHN W. DARRAH
United States District Court Judge

6